# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RAMON D. KING,

    Petitioner,                         Case Number: 05-74488

v.                                      HON. VICTORIA A. ROBERTS

ANDREW JACKSON,

    Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Ramon D. King has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner, a state inmate who is currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, challenges his convictions for first-degree murder and possession of a firearm during the commission of a felony. Respondent has filed a Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus on the ground that the petition was not timely filed.

## I.    Background

Petitioner was charged with first-degree murder and felony firearm. Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder and felony firearm. He was sentenced to forty to sixty years imprisonment for the murder conviction, to be served consecutively to two years imprisonment for the felony-firearm

_____

[1] At the time he filed his petition, Petitioner was proceeding *pro se*. Four months after the petition was filed, John Roach, Esq., filed a Notice of Appearance. *See* Appearance of Counsel, Docket # 4. However, Mr. Roach has filed no further papers in this matter.

conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals claiming that his sentence was disproportionate. The Michigan Court of Appeals affirmed his sentence. <u>People v. King</u>, No. 178425 (Mich. Ct. App. Dec. 28, 1995).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same issue presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. <u>People v. King</u>, No. 105532 (Mich. Sept. 27, 1996).

On March 17, 2003, Petitioner, through counsel, filed a motion for relief from judgment in the trial court. In his motion, Petitioner claimed that he was deprived of due process by the prosecutor's misconduct, and that he received ineffective assistance of trial and appellate counsel. The trial court denied the motion on May 28, 2003. <u>People v. King</u>, No. 94-3647 (Wayne County Circuit Court May 28, 2003).

Petitioner filed an application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals, which denied the application. <u>People v. King</u>, No. 250446 (Mich. Ct. App. July 9, 2004). The Michigan Supreme Court also denied Petitioner's application for leave to appeal. <u>People v. King</u>, No. 126914 (Mich. May 31, 2005).

Petitioner filed the pending petition for a writ of habeas corpus on November 14, 2005, presenting the following claims:

I.      The issue and evidence is newly discovered evidence.

II.     Prosecutorial Misconduct

      A.      The petitioner was deprived of his due process of law where the prosecutor withheld critical evidence.

      B.      Petitioner was denied his due process of law and to a fair trial by the

prosecutor commenting on Petitioner's silence.

    C.    Petitioner was denied his due process of law and right to a fair trial by the prosecutor's vouching for the credibility of her witness.

    D.    Petitioner was deprived of his due process of law and was prejudiced by the closing arguments by the prosecutor.

III.    Petitioner was denied of his constitutional rights under the Sixth Amendment where counsel failed to move for a mistrial.

IV.    Petitioner was denied his due process of law where the trial court failed to instruct the jury on the missing evidence.

V.    Petitioner received ineffective assistance of counsel on his appeal of right.

Respondent has filed an answer arguing that the petition is barred from review because it was not filed within the applicable one-year limitations period.

## II.    Discussion

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. Petitioner's application for habeas corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. Lindh v. Murphy, 521 U.S. 320, 337 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" 28 U.S.C. § 2244 (d)(1)(A). The Sixth Circuit Court of Appeals has held that the one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. Isham v. Randle, 226

3

F.3d 69, 694-95 (6th Cir. 2000).

In addition, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).  The limitations period "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." Abela v. Martin, 348 F.3d 164, 172 (6th Cir. 2003) (en banc), *cert. denied sub nom.* Caruso v. Abela, 124 S. Ct. 2388 (May 24, 2004).  However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period.  Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's conviction became final on December 27, 1996, when his time for filing a petition for a writ of certiorari from the Michigan Supreme Court's denial of his application for leave to appeal expired.  Therefore, absent state collateral review of his conviction, Petitioner was required to file his application for habeas corpus relief by December 27, 1997.  Petitioner sought state collateral review of his conviction.  However, on December 27, 1996, the date the limitations period commenced, Petitioner had no application for collateral review pending.  He did not file his motion for relief from judgment until March 17, 2003.  Thus, the limitations period commenced on December 27, 1996, and continued to run, uninterrupted, until it expired on December 27, 1996.  Petitioner's motion for relief from judgment was not filed until almost seven years after the limitations period expired and, consequently, did not serve to toll the limitations period.  The petition, therefore, is untimely.

Petitioner argues that the limitations period should not have commenced until 2001,

4

when he discovered evidence upon which his habeas claims are based.  While Petitioner is correct in stating that the limitations period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), Petitioner has failed to prove that his claims are based upon newly discovered evidence.

Petitioner's argument is based upon his discovery in 2001 that the Inkster Police Department did not have in its possession a hooded jacket which testimony adduced at Petitioner's trial showed the victim was wearing at the time of the shooting.  Petitioner maintains that he could not have discovered prior to 2001 that the Inkster Police Department did not possess this jacket because he did not retain an attorney prior to that time and could not, himself, examine the evidence.

Petitioner's argument, however, fails to show that the evidence upon which his petition relies is newly discovered.  Testimony that the victim was wearing a hooded sweatshirt was presented at trial.  The defense was aware that the sweatshirt was not produced by the prosecution and defense counsel requested a jury instruction regarding the missing sweatshirt.  Thus, the factual predicate for Petitioner's claims regarding the missing sweatshirt were known to Petitioner at the time of his trial.  The limitations period, therefore, commenced when his conviction became final.  As discussed above, Petitioner did not file his motion for collateral review in state court until seven years after his conviction became final.  Thus, his petition is untimely.

**III.    Conclusion**

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed

5

outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A).

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is

**GRANTED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is

**DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(d)(1)(A).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 10, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on August 10, 2006.

S/Carol A. Pinegar
Deputy Clerk