**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RAMON D. KING,

        Petitioner,               Case Number: 05-74488

v.                                    HONORABLE VICTORIA A. ROBERTS

ANDREW JACKSON,

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING "PETITIONER'S 60B MOTION FOR RELIEF FROM THE FORMER JUDGMENT", (2) DENYING PETITION FOR CERTIFICATE OF APPEALABILITY, AND (3) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Ramon D. King filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 10, 2006, the Court issued an Opinion and Order Granting Respondent's Motion for Summary Judgment and Dismissing Petition for Writ of Habeas Corpus. Petitioner has now filed "Petitioner's 60b Motion for Relief from Former Judgment," a Petition for Certificate of Appealability, and Application to Proceed *In Forma Pauperis* on Appeal.

Petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) which provides, in pertinent part:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of judgment.

Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) relief may be granted only in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.

1990).

The Court dismissed the petition because it was not filed within the one-year limitations period applicable to habeas corpus petitions. 28 U.S.C. § 2244(d). Petitioner's conviction became final on December 27, 1996, when his time for filing a petition for a writ of certiorari from the Michigan Supreme Court's denial of his application for leave to appeal expired. *See* Isham v. Randle, 226 F.3d 69, 694-95 (6th Cir. 2000). Therefore, absent state collateral review of his conviction, Petitioner was required to file his application for habeas corpus relief by December 27, 1997. Petitioner sought state collateral review of his conviction. However, on December 27, 1996, the date the limitations period commenced, Petitioner had no application for collateral review pending and he did not file an application for collateral review before the limitations period expired on December 27, 1997. Petitioner's motion for relief from judgment was not filed until almost seven years after the limitations period expired and, consequently, did not serve to toll the limitations period. The Court concluded that the petition, therefore, was untimely.

Petitioner argued that the limitations period should not have commenced until 2001, when he discovered evidence upon which his habeas claims are based. The limitations period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). However, the Court held that Petitioner failed to prove that his claims were based upon newly discovered evidence. Petitioner based his argument of newly discovered evidence on his discovery in 2001 that the Inkster Police Department did not have in its possession a hooded jacket which testimony adduced at Petitioner's trial showed the victim was

wearing at the time of the shooting. Petitioner maintains that he could not have discovered prior to 2001 that the Inkster Police Department did not possess this jacket.

Petitioner's argument, however, failed to show that the evidence upon which his petition relied was newly discovered. Testimony that the victim was wearing a hooded sweatshirt was presented at trial. The defense was aware that the sweatshirt was not produced by the prosecution and defense counsel requested a jury instruction regarding the missing sweatshirt. Thus, the factual predicate for Petitioner's claims regarding the missing sweatshirt was known to Petitioner at the time of his trial. The Court held that the limitations period, therefore, commenced when his conviction became final, and the petition was untimely.

In his Motion for Relief from Judgment, Petitioner disagrees with the Court's decision that his petition was untimely, but presents no unusual or extreme circumstances which would warrant relief from judgment. Accordingly, the Court will deny the motion.

Petitioner also has filed a Petition for Certificate of Appealability. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Respondent filed a motion for summary judgment on the ground that the petition for a writ of habeas corpus was barred from review because it was untimely. The Court granted Respondent's motion and dismissed the petition for a writ of habeas corpus because it was not timely filed. This Court holds that jurists of reason would not find the conclusion that the petition was barred by the limitations period to be debatable or wrong. *See* Slack, 529 U.S. at 484. Therefore, Petitioner is not entitled to a certificate of appealability.

Finally, Petitioner has filed an Application to Proceed *In Forma Pauperis* on Appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has

some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). While the Court has held that jurists of reason would not find the Court's decision that the petition was untimely to be debatable or wrong, the Court finds that an appeal may be taken in good faith. The Court, therefore, will grant the Application to Proceed *In Forma Pauperis* on Appeal.

Accordingly, **IT IS ORDERED** that "Petitioner's Rule 60b Motion for Relief from the Former Judgment" is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED**, that Petitioner's Application to Proceed *In forma Pauperis* on Appeal is **GRANTED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 19, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on March 19, 2007.

S/Carol A. Pinegar
Deputy Clerk

5